UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARKETING UNLIMITED LLC, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   Civ. No. 09-235-B-W |
| | ) |
| SRE CHEAPTRIPS INC, | ) |
| | ) |
| Defendant | ) |

**RECOMMENDED DECISION**

This case arises from a contract dispute between an Augusta, Maine limited liability corporation in the business of providing telemarketing services, Marketing Unlimited LLC ("Marketing") and a Delaware corporation with a principal place of business in Ketchum, Idaho, that is a discount travel website offering memberships to its travel website and travel benefits, SRE Cheaptrips Inc. ("Cheaptrips").  The Augusta telemarketer acted as an outbound call center for the discount travel company beginning January 14, 2005.  In March of 2009 the discount travel company stopped payments of checks to the telemarketing service for work allegedly performed between March 9 and March 14, 2009, and allegedly breached an agreement to pay certain commissions on various orders.  The travel company purportedly provided the telemarketing services company with only one day's notice that it was terminating their business relationship in contravention of an agreement to provide two week's notice.  Now, with lawsuits pending in both this court and the United States District Court in Boise, Idaho (see SRE-Cheaptrips, Inc. v. Sylvain, 1:09-cv-00215-EJL (D. Idaho)),  the travel company's motion to dismiss the lawsuit filed in this court has been referred to me for a recommended decision, along

with the telemarketing company's motion for injunctive relief which asks this court to enjoin the travel company from pursuing the litigation in Idaho.

## The Procedural Background

On May 8, 2009, Marketing filed a lawsuit in the Kennebec County Superior Court in Augusta, Maine, and that action was removed to this court by Cheaptrips on June 8, 2009.  On May 8 Cheaptrips had likewise filed suit in the United States District Court in the District of Idaho.  In its Idaho complaint against Marketing, Cheaptrips alleges counts of breach of contract, fraudulent billing, and unjust enrichment, seeks injunctive relief and attorney fees, and purportedly reserves the right to amend the complaint to add additional claims or seek punitive damages.

On June 1, 2009, Marketing moved to dismiss the Idaho action.  On June 23, 2009, Cheaptrips moved to dismiss the Maine action, or in the alternative to change venue and consolidate the Maine action with the Idaho action.  Marketing responded to that motion with a motion for injunctive relief filed on July 14, 2009, asking this court to enjoin Cheaptrips from continuing with the Idaho lawsuit.  These matters were fully briefed and submitted the United States District Judge in Maine on August 11, 2009. The following day the motions were referred to me for a recommended decision.

A PACER review of what both parties term the "parallel litigation" in Idaho reveals that following the June 1, 2009, motion by Marketing to dismiss the Idaho case, Cheaptrips, on July 30, 2009, filed a motion to enjoin Marketing from continuing with the Maine case.  That motion has not yet been fully briefed and, according to the Idaho District Court's docket entries, Marketing's response is due no later than August 24, 2009.  What is vexingly similar about both

2

of the cases is that neither party appears very inclined to follow the local rules of court for the jurisdiction where the case has been filed.  In support of this observation I note the following.

Pursuant to the District of Idaho Local Rule 7.1(b)(1) a motion must be accompanied by a memorandum of law.   When Marketing filed its motion to dismiss on June 1, 2009, it was unaccompanied by any memorandum.  Finally, on July 6, 2009, Marketing filed its supportive memorandum, approximately twelve days after Cheaptrips's responsive memorandum would have been due.  On July 27, Cheaptrips filed a memorandum in opposition to the motion to dismiss.  However, buried in the memorandum was an improperly filed Motion to Enjoin Subsequent Prosecution which necessitated a clerk's entry on the docket directing correction of the filing error.  Cheaptrips responded to that entry by properly filing its injunctive motion on July 30, 2009.  The briefing period has not yet expired on that motion.

The parties did not perform any better in Maine.  Pursuant to the District of Maine Local Rule 7(a) every motion must incorporate a memorandum of law.  Local counsel filed Cheaptrips's motion to dismiss the Maine case on June 23, 2009, with the promise that a memorandum of law was "to be submitted."  (Mot. Dismiss at 1, Doc. No. 5.)  Marketing responded on July 14, 2009, the date responses were due, but Cheaptrips had not yet seen fit to file its memorandum by that date.  It finally appeared on the docket on July 29, 2009, more than two weeks after Marketing's response had been filed.   The explanation given was that, because Cheaptrips had extended Marketing professional courtesy regarding their dilatory filing in Idaho, they had expected the same courtesy would be extended to them.  A cursory review of the docket entries in both federal district courts reveals that both sides have misfiled motions contained within other responding documents and managed to make the chronology of both dockets difficult to follow.  The fact that both parties have rendered the dockets of two separate federal

district courts almost indecipherable apparently is of no moment to either side. Nevertheless, it seems apparent to me that the parties' extension of "professional courtesies" cannot operate to suspend the Local Rules of federal district courts.

Marketing argues in this court that I should ignore Cheaptrips's late-filed memorandum and deny their motion to dismiss, while granting Marketing injunctive relief to prevent Cheaptrips from proceeding in Idaho. I am more than happy to disregard all the memoranda filed in both cases, but the fact remains that this court and the District of Idaho must still sort out this mess. Because I conclude that the case in the District of Idaho was the first case filed in a federal district court, I recommend that this court defer ruling on these motions until the Idaho court has had an opportunity to rule upon the motions presented to it. If the United State District Judge in Idaho elects to proceed with the matter, I would then recommend that this case be dismissed from our docket, rendering Marketing's motion for injunctive relief moot. If, on the other hand, the Idaho District Court judge elects to dismiss the case on that docket, I would recommend that this court deny the motion to dismiss. My recommendation, however, is that this court defer to the Idaho court in making these initial decisions. Both sides make arguments regarding the relative convenience of a particular forum. Based upon my review of the relative inconvenience to the parties, I would deny the motion for change of venue or to transfer the case if the matter remains upon this docket. However, I conclude that it would be premature to enter any ruling on the motion to transfer until the Maine District Judge and or the Idaho District Judge ultimately decides which court will hear this case.

**Discussion**

The First Circuit has acknowledged that "first- filed" is the preferred, "prudent" rule, not because of any inherent need to reward the litigant who gets to the courthouse first, but because

4

"it is sometimes more important that there be a rule than that the rule be particularly sound." Codex Corp. v. Milgo Electronic Corp., 553 F.2d 735, 737 (1st Cir. 1977).  Both sides to this dispute agree that the "first-to-file" rule --  a rule that says that as between federal district courts the doctrine of federal comity accords deference to the court in which the action was first filed -- normally governs in a case of this ilk where each court possesses jurisdiction to fully resolve the dispute between the parties. See  Smith v. S.E.C., 129 F.3d 356, 361 (6th Cir. 1997).   Marketing concedes that "technically" Cheaptrips was the first to file in Idaho, but it did so by breaching an agreement to hold off on instituting litigation and asserts that Cheaptrips should not be rewarded for its chicanery.  (Resp. Mot. Dismiss at 3, Doc. No. 7.)   In support of this argument Marketing has submitted a letter agreement between the parties inking a mutual resolve to forego the filing of a lawsuit until May 8, 2009, at 8:00 a.m. Eastern Standard Time.  (See Doc. No. 7-3.)   The chronology of the events of the early morning hours of May 8, 2009, reveals that the race to the federal courthouse was clearly won, unofficially, by Cheaptrips.

It is undisputed that the Maine action was filed in state court at 8:05 a.m. "Maine" time on May 8, 2009.  (See Panek Aff., Doc. No. 7-5 at 5-6.)  It is also judicially noticed that on May 8, 2009, Eastern Daylight Time was in effect in Maine.  Marketing contends that Cheaptrips filed the complaint in Idaho at 7:06 a.m. Eastern Standard Time in violation of the standstill agreement.  (See  Glynn Aff., Doc. No. 7-4.)   In its timely-filed memorandum in opposition to the motion for injunctive relief (Doc. No. 13), Cheaptrips makes an argument that supports the First Circuit's view that sometimes there just needs to be a rule and that reinforces my independently reached conclusion that the morning of May 8, 2009, was a "race to the courthouse" and that neither side lulled the other side into anything.   It argues:

> As factual support for its "jumped the gun" scenario [Marketing] points to the affidavit of its Idaho counsel and Exhibits previously filed in Idaho. Plaintiff's

5

> Exhibit C. The Glynn affidavit states that the Idaho complaint was filed at "7:06 a.m. EST". Plaintiff's Exhibit C, par.4. This suggests that the complaint was filed 54 minutes before an 8:00 a.m. deadline but is disingenuous in that Eastern Standard Time or "EST" was not in effect when the Idaho complaint was filed. Moving the clock ahead one hour to account for Daylight Savings Time (then in effect in Maine and Idaho) and adding that hour to the Glynn affidavit the [Cheaptrips] Complaint was filed at 8:06 a.m. –shortly after the standstill agreement expired. When [Cheaptrips] submitted affidavit evidence making this point in Idaho, MU shifted gears and now appears to be arguing that the Complaint was not filed at "7:06 a.m. EST" as stated in the affidavit submitted here as Exhibit C but approximately two minutes before 8:00 a.m. as evidenced by a filing record in the Idaho Court Clerk's office.
>
> At this point the intricacies of electronic filing from a remote location, asynchronous timekeeping, and the alleged two minute disparity have not been resolved but are before the court in Idaho and best decided by that court. Assuming without conceding that [Cheaptrips] did file its Idaho complaint 120 seconds before 8 a.m. according to a timepiece in the Clerk's office (and assuming the accuracy of the instrument involved), this discrepancy of seconds hardly amounts to circumstances sufficiently compelling so as to justify a departure from the first-to file rule.

(See Def.'s Mem. Opp. Pl.'s Cross-Mot. Inj. Relief at 7, Doc. 13.)

On the District of Maine docket I can find no affidavit or supporting documentation for the argument that the Idaho case was filed two minutes early and I am not entirely sure what Cheaptrips is referring to, but, assuming that argument has been made in Idaho, it just reinforces my conclusion that this court should defer to the decision of the court where the complaint was first placed on the federal docket.

In its late-filed memorandum in support of its motion to dismiss (which was docketed as a reply) Cheaptrips also makes the new argument that this case should be dismissed because of defective service of process. I recommend that the court deny dismissal on this basis for two reasons: (1) the argument was not properly framed in the original motion to dismiss[1]; and (2) assuming that service was defective, the 120 days for completion of service has not yet expired.

---

[1] Cheaptrips original motion simply requested an order dismissing the case under Federal Rule of Civil Procedure 12(b)(1), (3),(4) and (5). Paragraph 5 of Rule 12(b) does reference insufficient service of process, but no argument or rationale on this score was given by Cheaptrips.

In any event, Marketing contends service was properly made. (See Moran Aff., Doc. 17-2; Service Aff., Doc. No. 6.)  The docket entries support Marketing's position, as opposed to the early informal notifications relied upon by Cheaptrips to support its arguments.  I would recommend denying the motion to dismiss if this were the sole basis for the motion.

      Finally, Cheaptrips has moved that this court transfer venue of this action to Idaho.  Both sides have dealt with the venue issue by filing affidavits from the principals of the respective businesses.  Stephen Sylvain, the owner of Marketing, explains that it would be a serious financial hardship to litigate the dispute in an Idaho court. (Sylvain Aff.¶ 16,  Doc. No. 16-4.)  John Ferry, the CEO of Cheaptrips explains how inconvenient it would be for him to get from Sun Valley to Bangor, Maine.  (Ferry Aff. ¶ 17,  Doc. No. 13-2.)  Ferry also notes that a couple of Cheaptrips's witnesses are located in Philadelphia, Pennsylvania and, in a sad comment on the state of air travel into Bangor, Maine, reports it would be cheaper to fly those witnesses to Boise than to Bangor.  (Id.)  I see no compelling reason to change the venue of this action for either side  and reserve ruling on the motion until and unless it has been determined that the action will proceed in this court.  Finally I recommend that the motion for injunctive relief regarding the prosecution of the action in Idaho be deferred until the District Court in Idaho has ruled on the motions pending before it.

## Conclusion

    Based upon the foregoing analysis I conclude that these lawsuits were filed almost simultaneously in Maine and in Idaho and that neither side lulled the other side into anything. However, because <u>federal</u> jurisdiction was obviously first established in Idaho, I would recommend that this court defer ruling on this motion to dismiss until the Idaho court has ruled on the parallel motion in that court.  If the Idaho court denies Marketing's motion to dismiss,

7

under prevailing First Circuit "first filed" precedent, I would recommend that this court grant Cheaptrips's motion and dismiss this case, rendering the motion for injunctive relief moot.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

August 21, 2009.